# THE MICHIGAN NISI PRIUS.

## NOVEMBER, 1870.

### Matthew Wiley vs. Albert R. Foster.

Where a party against whom a judgment had been rendered in Justice's Court, duly made and filed with the Justice his affidavit and bond with sureties for an appeal therefrom within five days thereafter and paid the costs taxed against him in the judgment, *held* that the appeal was so far perfected as to transfer the cause to the Circuit Court and oust the jurisdiction of the justice over the judgment, notwithstanding the fee of one dollar for making the return had not been paid to the justice.

The justice may waive the payment of his fee, and if he make return the question of payment cannot be raised to effect the appeal. It is not a jurisdictional fact or question, and the jurisdiction of the Circuit Court does not depend on the will of the justice in respect to it, and where he waives its payment and afterwards refuses to receive it or to make return, the Court on motion and on a showing of these facts, ordered a return to be made by the justice.

*Allegan Circuit., Oct.*, 1870.

I this cause a judgment having been rendered in favor of the plaintiff, against the defendant, before a justice of the peace, the defendant within five days after the rendition thereof, made and filed with the justice his affidavit for an appeal therefrom to the Circuit Court, and also a bond with surities, approved by the said justice, and at the same time paid to the justice the costs taxed in favor of the plaintiff and included in the judgment. As he was about leaving the office the justice informed the defendant that he had still to pay him one dollar for making his return. The defendant then offered to the justice a five dollar bill, but he not being able to change it remarked to the defendant. "Never mind, you can hand it in to me at any time," or used words to that effect, and the defendant left without paying the dollar.

A few weeks after, the defendant not having paid the justice the dollar for making his return, the justice on demand of the plaintiff issued execution on the judgment, and delivered the same to an officer for collection.

The defendant on learning of this, at once called with his

attorney upon the justice and finding he had made no return on the appeal, tendered him the dollar for his fee and demanded that he should recall the execution and make out his return to the Circuit Court, which the justice declined to do. The defendant thereupon, on affidavit of himself and his attorney setting forth the above facts, made application to the Circuit Court for an order on the justice to make return on the appeal. The Court at first made an order requiring the justice to make return or show cause, and the justice showing cause in answer thereto, set up in his justification for not making return on the appeal that the appellant had not within five days after the rendition of the judgment paid him the fee of one dollar for making his return. The facts as set forth by the defendant were substantially admitted, the justice only insisting that no particular time was specified or agreed upon at the time within which the dollar was to be paid, and claiming that the five days having elapsed, after the judgment, without payment of said fee, that therefore the defendant had failed to perfect his appeal. The defendant on this showing now applied for a peremptory order on the justice to make return.

*J. L. Hawes*, Attorney for Appellant.

*H. C. Stoughton and S. Stafford*, for Appellee.

*By the Court*, UPSON, J.—

It is admitted that the defendant and appellant in this cause did within five days after the rendition of the judgment before the justice, make and file with him the proper affidavit and bond with sureties as required by law' and did also at the same time pay to him the plaintiff's costs as taxed in the judgment.

We think this so far perfected the appeal as to transfer the cause to the Circuit Court and out of the jurisdiction of the justice. True the statute, § 3840, *Comp. Laws*, requires the party appealing, to pay to the justice, within five days, the sum of one dollar for making and filing his return, as well as the costs of the opposite party, included in the judgment. By § 3856 *C. L.*, it is further provided that no appeal shall be dismissed on the ground that the costs of the justice have not been paid, but that in all cases the fact of a return having been made by a justice shall be conclusive evidence of such fees having been paid.

WILEY v. FOSTER.

The jurisdiction which this Court obtains by the appeal depends on the statute and not on the will of justice; his making a return could not confer it without the payment of his fee, if the jurisdiction did not first obtain without it. The return to the appeal is made after the appeal is perfected and that return cannot, in the first instance, be compelled without the prepayment of the fee to the justice for making his return, if he requires it, and if the appellant neglects to pay the fee and procure the return, the opposite party may move to dismiss the appeal.

See also on this point § § 3859 and 3860 *C. L.*, and 5 *Howard's Prac. Reports*, p. 422.

The statute does not treat the payment of the justice's fee for return as a jurisdictional fact, but as a matter personal to the justice, which he may waive if he sees fit, without affecting the validity of the appeal, and his return is good though the fee has not been paid. In this respect the law in relation to taking appeals is different from that in relation to obtaining a *certiorari* to remove a justice's judgment to the Circuit Court.

In such case the statute, after specifying what the party is to do who applies for the *certiorari* in regard to making affidait, getting writ allowed, executing bond with sureties, procuring and serving writ, bond, and copy of affidavit on justice within five days after writ is issued, and paying two doll rs to the justice for his fees for making a return to the *certiorari*, adds the following, viz: " and no *certiorari* shall be of any effect until all the preceeding requisitions shall have been complied with."—

Under a statute somewhat similar to ours in relatin to appeals — *Wis. Rev. Statutes*, 1858, chap. 120, sec's 205, 212, pages 697., 698, the Supreme Court of Wisconsin held an appeal good though the fee of the justice and the State tax required by the statute had not been paid. See 14 *Wis., Rep.* p. 86.

In the case before us, it appears that the appeal has been duly made and the justice having once waived the payment of the fee within the five days, and having subsequently refused to receive the same, the motion for a rule to compel him to make return to said appeal must be granted.